IN RE FORFEITURE OF 1986 RENAULT.

[Cite as *In re Forfeiture of 1986 Renault* (1992), 79 Ohio App.3d 469.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–875.

Decided Oct. 27, 1992.

470

*Michael Miller,* Prosecuting Attorney, and *Carol Hamilton O'Brien,* Assistant Prosecuting Attorney, for appellee.

*Webster S. Lyman,* for appellant.

TYACK, Judge.

This is an appeal of a trial court ruling granting forfeiture of a 1986 Renault to the city of Columbus. The titled owner of the vehicle, Anthony C. Atkins, has pursued this appeal, assigning two errors for our consideration:

"1. The Referee Erred In Finding For Petitioner On The Pleadings And Evidence.

"2. The Trial Court Erred In Overruling The Objections To The Referee's Findings Of Fact And Conclusions Of Law."

The underlying facts, as found before the referee who conducted the evidentiary hearing for the trial court, are as follows:

"1. On March 23, 1991, at approximately 10:00 p.m., Respondent, Anthony Curtis Adkins [*sic*], was sitting in the driver's seat of his 1986 Renault Alliance automobile, Vehicle Identification No. 1–XMDM–9602–GK–172073 ('the Automobile'), in a parking lot in Columbus, Franklin County, Ohio, engaged in a conversation with Kamal Chabas, who was standing outside the Automobile, next to the driver's door.

"2. After Mr. Chabas finished his conversation with Respondent, Mr. Chabas walked to another automobile in the parking lot, a silver Cadillac, and removed a black glove from the Cadillac. The glove contained two plastic bags, commonly known as 'baggies,' which contained a total of four grams of cocaine.

"3. While Respondent was still seated in the driver's seat of the Automobile, Mr. Chabas handed the glove containing the cocaine to Respondent and engaged in another conversation with Respondent. While Respondent was still seated in the driver's seat of the Automobile, Respondent removed the baggies of cocaine from the glove, examined them, and put them back in the glove. Respondent then exited the Automobile with the glove containing the cocaine, at which time he was arrested by officers of the Columbus Police Department."

Forfeiture was sought pursuant to R.C. 2925.43, which reads, in pertinent part:

"(A) The following property is subject to forfeiture to the state in a civil action as described in division (E) of this section, and no person has any right, title, or interest in the following property:

"(1) Any property that constitutes, or is derived directly or indirectly from, any proceeds that a person obtained directly or indirectly from the commission of an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug abuse offense or that, upon the filing of a complaint, could be the basis for finding a juvenile to be a delinquent child for committing an act that, if committed by an adult, would be a felony drug abuse offense;

"(2) Any property that was used or intended to be used in any manner to commit, or to facilitate the commission of, an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug abuse offense or that, upon the filing of a complaint, could be the basis for finding a juvenile to be a delinquent child for committing an act that, if committed by an adult, would be a felony drug abuse offense."

■ The prerequisite to a forfeiture is a showing that a felony drug abuse offense has occurred. The phrase "felony drug abuse offense" is defined in R.C. 2925.01(I) as follows:

" 'Felony drug abuse offense' means any drug abuse offense that would constitute a felony under the laws of this state, except a violation of section 2925.11 of the Revised Code."

■ The statutory definition of "felony drug abuse offense" specifically excludes violations of R.C. 2925.11. R.C. 2925.11(A) reads: "No person shall knowingly obtain, possess, or use a controlled substance." Thus, a person who is guilty of "drug abuse," including drug abuse which is a felony because of the controlled substance possessed, is not guilty of a "felony drug abuse offense." Instead, a person who is guilty of some sort of drug trafficking activity can be guilty of a "felony drug abuse offense."

The "bulk amount" of cocaine is defined by R.C. 2925.01(E)(1) as follows:

" 'Bulk amount' of a controlled substance means any of the following:

"(1) An amount equal to or exceeding ten grams or twenty-five unit doses of a compound, mixture, preparation, or substance which is, or which contains any amount of, a schedule I opiate or opium derivative, or cocaine * * *."

Since Atkins arguably possessed only four grams of cocaine, he was guilty of possessing less than bulk amount of cocaine—violating R.C. 2925.11.

■ The referee who conducted the forfeiture hearing and the trial judge who did an independent review of the proceedings did not display a thorough awareness of the applicable statutes in their written work. Both seem to have felt that arguable guilt of "drug abuse" in violation of R.C. 2925.11 was sufficient to satisfy the requirements of R.C. 2925.43. Since this is incorrect, the judgment of the trial court must be reversed.

■ In order for a forfeiture to be ordered, R.C. 2925.43(E)(4) requires proof "by clear and convincing evidence that the property in question is property as described in division (A)(1) or (2) of this section." The findings of fact set forth in the report of the referee and adopted by the trial court simply do not constitute proof by clear and convincing evidence that the Renault was used to commit or to facilitate the commission of an act by Atkins which would be a "felony drug abuse offense." At most, Atkins was sitting in the motor vehicle when he purchased a small amount of cocaine. Sitting in the motor vehicle while negotiating the purchase of a small amount of a controlled substance does not constitute using a motor vehicle to commit or to facilitate the commission of a drug trafficking offense. Therefore, judgment should be rendered on behalf of Atkins.

The second assignment of error is sustained.

The first assignment of error is overruled. The recommendation and report of a referee is not a final appealable order. A full, independent analysis of the report and recommendation is required by a trial judge before a judgment entry is generated. The judgment entry may then be a final appealable order. However, appeal directly from a referee's report is not appropriate.

In sum, the first assignment of error is overruled, and the second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded with instructions to enter judgment for Atkins.

*Judgment reversed and cause remanded with instructions.*

WHITESIDE and DESHLER, JJ., concur.