OPINION
Defendant-appellant Thomas L. Robinson appeals the June 25, 1999, Report of Referee of the Canton Municipal Court, Stark County, Ohio, which granted a Writ of Restitution of Property to plaintiff-appellee Dale E. Bennington et al. On June 30, 1999, a Judgment Entry was issued by the Canton Municipal Court approving and confirming the Report of Referee.
 STATEMENT OF THE CASE AND FACTS
On June 9, 1999, a Complaint was filed by plaintiff-appellee Dale E. Bennington and Creative Investors, against defendant-appellant Thomas L. Robinson. The Complaint alleged that Mr. Bennington owned property located at 311 Young Avenue SE, Canton, Ohio, and that Mr. Robinson, as tenant of that property, had breached a written lease on the premises. Specifically, the complaint alleged that the lease was violated when Mr. Robinson attached "things" to the structure and when appellant harassed and threatened the owners. The Plaintiff demanded a Writ of Forcible Entry and Detainer. A hearing on the complaint was scheduled for June 25, 1999. On June 14, 1999, defendant-appellant [hereinafter appellant] filed an answer to the complaint. In his answer, appellant responded that the eviction was being pursued by plaintiffs-appellees [hereinafter appellees] in retaliation for the exercise of appellant's lawful rights. Specifically, Mr. Robinson alleged that the eviction notice was filed by the appellees in response to a housing discrimination complaint and complaints of housing code violations filed by Mr. Robinson regarding the leased property. Appellant also filed a motion in the trial court requesting that counsel be appointed, claiming that he was denied representation from Legal Aid. That same day, appellant also filed a Jury Trial Demand. In a Judgment Entry filed June 15, 1999, the Motion for the Appointment of Counsel was overruled. The trial court further ordered that all other pending matters were to be addressed by the Magistrate at the scheduled hearing on appellee's Complaint. On June 23, 1999, appellant filed a "Motion to Stay Pending Ruling Before the Ohio Supreme Court to Appoint Legal Counsel/Appoint Judge Without Any Conflicts" and an Affidavit of Bias and Prejudices Against Fifth District Appellate Judges. In the Motion to Stay and Affidavit of Bias, appellant pointed out that, in a prior case, the Canton Municipal Court requested a visiting judge be assigned to handle a case in which Mr. Robinson was a criminal defendant. Mr. Robinson attached a copy of a letter dated March 9, 1999, to his Motion and Affidavit. In this letter, which was purportedly sent by the Canton Municipal Court to the Ohio Supreme Court regarding the prior criminal case, the Honorable Stephen F. Belden, Presiding and Administrative Judge of the Canton Municipal Court, stated "[t]he case would normally . . . be reassigned to another judge of this court; however, all of us have had grievances filed against us before by this defendant, and all of us therefore have the same potential conflict of interest." A hearing on the Complaint was held in Canton Municipal Court on June 25, 1999, before a Magistrate. Upon hearing the matter, the Magistrate issued a Writ of Restitution of the Property. The Magistrate found appellant violated the lease agreement by affixing a motion detector and security light to the leased premises without prior written consent of the landlord. Thereafter, that same day, appellant filed a Motion to stay the eviction until the ruling was reviewed by a higher court. Also, that same day, June 25, 1999, appellant filed an "Appeal" of the Magistrate's Decision in the Canton Municipal Court. This appeal was identified as, and treated as, a Notice of Appeal and was filed in this court on June 28, 1999. Subsequently, on June 29, 1999, the Canton Municipal Court filed a Judgment Entry which overruled and denied appellant's Motion for Stay of Eviction. On June 30, 1999, the Referee Report was approved and confirmed by the trial court in a Judgment Entry. Appellant raises the following assignments of error:
 ASSIGNMENT OF ERROR I JUDGE STEPHEN F. BELDEN PRESIDING/ADMINISTRATIVE ERRED ON (06-25-99) IGNORING AN AFFIDAVIT (BELDEN), FILED HIMSELF BEFORE THE OHIO SUPREME COURT APPROVED BY CHIEF JUSTICE/THOMAS J. MOYER, THAT (ALL) OF THE CANTON MUNICIPAL JUDGES HAVE CONFLICTS OF INTERESTS AGAINST (APPELLANT) THOMAS L. ROBINSON. (Emphasis Original).
 ASSIGNMENT OF ERROR II DOES REFEREE/TARYN L. HEATH CURRENTLY UNDER INVESTIGATION OF MISCONDUCT HAVE THE RIGHT TO DENY THE APPELLANT IN WHICH (HEATH) HAS CONFLICTS OF INTEREST HIS (APPELLANT'S) RIGHT TO A TRIAL BY JURY DEMANDED FOR THE ILLICIT HEARING ON (06-25-99)? [SIC].
Initially, we must address whether this court has jurisdiction to consider this appeal. Appellant attempts to appeal the decision of the Canton Municipal Court Magistrate. However a Report of Referee, or a Magistrate's Decision, is not a final appealable order. R.C. 2505.02 A court of appeals does not have jurisdiction to consider a decision unless it is a final, appealable order. Forfeiture of 1986 Renault (1992), 79 Ohio App.3d 469,607 N.E.2d 555. We note that the Notice of Appeal, in the case sub judice, was filed after the Report of Referee was filed by the Magistrate but before the trial court approved and confirmed the Magistrate's decision through a Judgment Entry. We find we have jurisdiction pursuant to App. R. 4(C). "A Notice of Appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the time period is treated as filed immediately after the entry." App. R. 4(C). A premature Notice of Appeal under App. R. 4(C) does not divest the trial court of jurisdiction. Moore v. Knopp (June 29, 1998), Stark App. No. 1997CA00398, unreported, 1998 WL 351450 (Hoffman, J., Dissenting). In this case, the trial court exercised its jurisdiction and proceeded to issue a Judgment Entry approving and confirming the Report of Referee. The trial court's Judgment Entry constituted a final, appealable order. The Premature Notice of Appeal will be treated as if filed immediately after the entry. Further, we note that appellant's Merit Brief fails to meet the requirements for such Briefs as set forth by App. R. 16(A). Specifically, appellant fails to set forth the required statement of the assignments of error presented for review, including references to the place in the record where each error is reflected, a statement of the issues presented for review, with references to the assignments of error to which each issue relates, and a conclusion which briefly states the precise relief sought. See App. R. 16 (A). Although we could dismiss appellant's appeal on this basis alone, in the interest of justice, we will attempt to address appellant's pro se assignments of error on their merits.
 I
In his first assignment of error, appellant argues that the Honorable Judge Stephen F. Belden, Presiding and Administrative Judge of the Canton Municipal Court, erred when he failed to appoint a visiting judge to preside over this matter. Appellant argues that Judge Belden had previously written a letter to the Ohio Supreme Court, requesting a visiting judge be assigned in a prior criminal case, in which appellant was the defendant. In that letter, filed in the trial court and attached to appellant's Motion to "Stay Pending Ruling Before Ohio Supreme Court . . .", Judge Belden purportedly wrote that the visiting judge was necessary because "all of us have had grievances filed against us before by this defendant, and all of us therefore have the same potential conflict of interest." The Ohio Legislature has provided a procedure whereby a party to an action may seek to disqualify a municipal court judge for prejudice:
 (A) If a judge of a municipal or county court allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of court in which the proceeding is pending.
 (B) An affidavit of disqualification shall be filed under this section with the clerk of the court in which the proceeding is pending not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled and shall include all of the following:
 (1) The specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations;
 (2) The jurat of a notary public or another person authorized to administer oaths or affirmations;
 (3) A certificate indicating that a copy of the affidavit has been served on the judge of the municipal or county court against whom the affidavit is filed and on all other parties or their counsel;
 (4) The date of the next scheduled hearing in the proceeding or, if there is no hearing scheduled, a statement that there is no hearing scheduled. . . .
(C)(2) The clerk of the municipal or county court in which a proceeding is pending shall not accept an affidavit of disqualification presented for filing under division (B) of this section if it is not timely presented for filing or does not satisfy the requirements of divisions (B)(2), (3), and (4) of this section.
(D)(1) Except as provided in divisions (D)(2) to (4) of this section, if the clerk of the municipal or county court in which a proceeding is pending accepts an affidavit of disqualification for filing under divisions (B) and (C) of this section, the affidavit deprives the judge of a municipal or county court against whom the affidavit was filed of any authority to preside in the proceeding until the judge who was notified pursuant to division (C)(1) of this section rules on the affidavit pursuant to division (E) of this section.
(2) A judge of a municipal or county court against whom an affidavit of disqualification has been filed under divisions (B) and (C) of this section may preside in the proceeding if, based on the scheduled hearing date, the affidavit was not timely filed.
R.C. 2701.031
Appellant has failed to follow the proper procedure to disqualify a Canton Municipal Court Judge. On June 23, 1999, appellant filed, in Canton Municipal Court, a "Motion to Stay Pending Ruling Before Supreme Court to Legal Counsel/Appoint [sic] a Judge Without Any Conflicts". This motion indicated appellant's belief that each judge of the Canton Municipal Court had a conflict of interest. The appellant also filed an Affidavit of Bias Prejudices Against Fifth District Appellate Judges: W. Scot [sic] Win [sic] et. [sic] al. In the Affidavit of Bias, appellant reiterates his argument that the Canton Municipal Court Judges were biased and have conflicts of interest in this case. We find that the documents filed in the Canton Municipal Court alleging a conflict of interest do not meet the requirements of the procedure set forth in 2701.031 to disqualify a municipal court judge. The Affidavit did not indicate that a copy of the affidavit was served upon the judge against whom the affidavit was filed and did not indicate the date of the next scheduled hearing. The Affidavit summarily alleged bias by referring to Judge Belden's previous letter which stated that in an unrelated, criminal case, the Canton Municipal Judges had a "potential conflict of interest" due to the filing of grievances against the Canton Municipal Judges by appellant. The Motion did include a certificate of service indicating the Motion was sent by "regular U.S. mail to the Ohio Supreme Court, et. [sic] al." The Affidavit of Bias indicated that it had been served upon the Benningtons and "W. Scott Win [sic]." There is no indication that the Affidavit was served upon any of the Canton Municipal Court Judges, as is required by R.C. 2701.031. However, even if we would consider the Motion and Affidavit acceptable as an Affidavit of Disqualification, appellant filed the Affidavit too late. The Motion and Affidavit were filed June 23, 1999 and the hearing on the eviction was scheduled for June 25, 1999. This does not meet the requirement of R.C. 2701.031(B) that an Affidavit of Disqualification be filed at least seven days before the next scheduled hearing on the matter. If an affidavit of disqualification is not filed timely, the judge, against whom the Affidavit was filed, may preside in the proceeding. R.C.2701.031(D)(2). The court committed no error in proceeding with the matter on June 25, 1999.
In assignments of Error I and II, Appellant alleges that the Magistrate that heard the case, Magistrate Taryn L. Heath, had a conflict of interest. We will consider the matter out of order and in conjunction with assignment of Error I in the interest of clarity. Appellant has raised a similar issue in a previous appeal. In that case, we noted that the Ohio Legislature, with the enactment of S.B. No. 263, revoked the statutory right to seek disqualification of a municipal court magistrate. The removal of a magistrate is left to the sound discretion of the judge referring the matter to the magistrate. We find nothing in the record before us to support a conclusion that the trial court abused its discretion in allowing Magistrate Heath to preside over this matter. In his Affidavit of Bias Prejudice, appellant alleged that the "Magistrate" stated that appellant would never win a case in this town or this courtroom. The magistrate of whom appellant refers is not further identified and no transcript of the proceedings has been filed with this court. Appellant's first assignment of error and second assignment of error, as it relates to an alleged conflict of interest, bias or prejudice involving Magistrate Taryn L. Heath, are overruled.
 II
In his second assignment of error, appellant claims that his constitutional right to a jury trial was violated. Appellant, in his argument, also raises the issue as to whether the decision of the Magistrate was against the manifest weight of the evidence. We will address each of these issues in turn. On June 14, 1999, appellant filed a motion to have legal counsel appointed, a demand for a trial by jury and an affidavit of indigency. The trial court responded by overruling appellant's motion to appoint legal counsel and ordered that all other pending matters would be "addressed by the Magistrate at the scheduled hearing on the `First Cause of Action' of Plaintiff's Complaint." June 15, 1999, Judgment Entry of the Canton Municipal Court. We agree with appellant that, pursuant to R.C. 1923.10, a party to a forcible entry and detainer action may demand a trial by jury. However, proceeding to a bench trial without objection waives the party's right to a jury trial. Cavanaugh Bldg. Corp. v. Liberty Elec. Co. (April 28, 1999), Summit App. No. 19146, unreported, 1999 WL 247219. See also, Nenandal v. Landerwood (May 12, 1994), Cuyahoga App. No. 65428, unreported, 1994 WL 189375. In the case sub judice, it is apparent from the record that this matter proceeded to a hearing and determination before a magistrate, without a jury. However, because no transcript of the proceedings was filed with this court or the trial court, it is unclear from the record whether appellant raised a timely objection to the lack of a jury. It is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review. App. R. 9(B) and 10(A). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 15 O.O.3d 218,400 N.E.2d 384. Since no transcript of proceedings was filed in this case, which would reflect whether appellant objected to proceedings without a jury, we must presume the validity of the lower court's proceedings and that appellant waived his right to a jury trial. In regard to appellant's allegation that the Magistrate's decision, is against the manifest weight of the evidence, we must overrule and affirm the decision of the lower court. In order to appeal any finding of fact or conclusion of law made in a Magistrate's Decision, a party must file written objections to the decision within fourteen days of the filing of the magistrate's decision. Civ.R. 53(E)(3)(a). "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b). No objection to the Magistrate's Decision was filed by appellant. Therefore, as such, any error that the Magistrate's findings of fact were against the manifest weight of the evidence was waived and cannot be raised on appeal before this court.
Appellant's second assignment of error is overruled. The Judgment of the Canton Municipal Court is affirmed.
By EDWARDS, J. WISE, P.J. and GWIN, J. concurs.